UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| KENNETH L. BROWN, JR., | : | CASE NO. 1:00-CR-290 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 55] |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Kenneth Lee Brown moves to reduce his sentence.[1] Brown argues that his sentence is excessive and asks this Court to reduce his sentence in the interest of justice and fairness.[2] The United States opposes Brown's motion.[3] For the following reasons, the Court **DENIES** Brown's motion.

### I. Factual and Procedural Background

At issue is whether the Court has jurisdiction to reduce Petitioner Brown's sentence, or, alternatively, whether federal law violations entitle Brown to seek habeas relief.

On July 5, 2000, a grand jury indicted Petitioner Brown on two counts: (1) possession of ammunition by a convicted felon and (2) possession with intent to distribute more than fifty grams of cocaine base (crack).[4] Pursuant to a plea agreement, Brown pled guilty to both counts on August 25, 2000.[5] On November 9, 2000, the Court sentenced Petitioner Brown to 262 months imprisonment and ten years supervised release.[6] On February 15, 2012, the Sixth Circuit

---

[1] Doc. 55.
[2] *Id.*
[3] Doc. 57.
[4] Doc. 8.
[5] Doc. 25.
[6] Doc. 33.

Case No. 1:00-CR-290
Gwin, J.

affirmed Brown's conviction and sentence.[7] On March 28, 2016, Brown filed a motion to reduce his sentence.[8] Brown argues that his sentence is overly severe and that, pursuant to the Eastern District of New York's *United States v. Holloway*[9] decision, this Court should reduce his sentence.[10]

## II. Analysis

*A. Jurisdiction to Resentence*

As a threshold issue, the Court does not have the jurisdiction to re-sentence Brown. In the sentencing context, "there is simply no such thing as a 'motion to reconsider' an otherwise final sentence."[11] A district court may only modify a defendant's sentence as authorized by statute.[12] Once a sentence "has been imposed," § 3582(c) generally prohibits a district court from "modify[ing] a term of imprisonment."[13] Congress grants the district courts authority to modify a final sentence only if it is: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) on its own motion if the applicable sentencing guideline has been reduced; or (3) pursuant to Federal Rules of Criminal Procedure Rule 35.[14] A final sentence is only modifiable under Fed. R. Crim. P. 35 if: "(1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence."[15]

The Court lacks the jurisdiction to modify Brown's sentence. First, the Bureau of Prisons has not moved to reduce Brown's sentence. Second, although the Sentencing Guidelines have changed for crack cocaine offenses, because Brown had two previous convictions for felony drug

---

[7] Doc. 54.
[8] Doc. 55.
[9] 68 F. Supp. 3d 310 (E.D.N.Y. 2014).
[10] Doc. 55.
[11] *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006).
[12] *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011).
[13] 18 U.S.C. § 3582(c).
[14] *United State v. Gevaras*, 961 F. Supp. 192, 195 (N.D. Ohio 1996) (citing 18 U.S.C. § 3582(c)).
[15] *Id.* (citing Fed. R. Crim. P. 35).

Case No. 1:00-CR-290
Gwin, J.

trafficking, he was sentenced as a career offender without departure or variance. He was not sentenced under a crack cocaine Guideline range that has been lowered, and he is consequently ineligible for a sentence reduction under 18 U.S.C 3582(c)(2).[16] Third, none of the Fed. R. Crim. P. 35 grounds apply. In particular, unlike the *Holloway* case cited by Petitioner Brown, the government has not moved to reduce Brown's sentence.

B. *Section 2255 Petition*

Even if the Court considers Brown's motion to be a § 2255 habeas corpus petition, Brown loses.

Under 28 U.S.C. § 2255, federal prisoners may collaterally attack federal convictions if they can show the convictions violate federal law. To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[17] Non-constitutional errors are generally outside the scope of § 2255 relief.[18] A defendant can only prevail when alleging a non-constitutional error by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[19]

A § 2255 motion must be filed within one year from when the judgment of conviction becomes final.[20] If a defendant fails to seek Supreme Court certiorari review, the judgment becomes final ninety days after the final direct appeal.[21]

---

[16] *See United States v. Perdue*, 572 F.3d 288, 291-92 (6th Cir. 2009).
[17] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).
[18] *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).
[19] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citation omitted).
[20] 28 U.S.C. § 2255(f)(1).
[21] *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

Case No. 1:00-CR-290
Gwin, J.

Petitioner Brown argues that *Holloway* provides a basis for reducing his sentence.[22] In *Holloway*, the defendant pled guilty to a series of carjackings and was sentenced to a mandatory 684 months imprisonment.[23] While incarcerated, the defendant participated in self-improvement programs and had few disciplinary incidents.[24] Twenty years into Holloway's sentence, the district court judge requested that the United States Attorney agree to an order vacating two of Holloway's convictions so as to reduce the "excessive sentence."[25] The government withdrew its opposition to vacating the convictions and Holloway was resentenced.[26]

Petitioner Brown's resentencing motion is outside the scope of § 2255 relief. Brown does not allege any constitutional error. Further, Brown's request for "a more fair and just sentence" does not allege an error "so egregious" that it amounts to a due process violation. Brown's motion was also untimely, as he filed it more than four years after the Sixth Circuit affirmed his conviction and sentence. Additionally, *Holloway* is a district court decision and does not control.[27] *Holloway* does not create an actionable new right under federal law.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Brown's motion for a reduced sentence.

IT IS SO ORDERED.

Dated:  September 13, 2016                          *s/        James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[22] Doc. 55 at 2-3.
[23] 68 F. Supp. 3d at 312-13.
[24] *Id.*
[25] *Id.* at 314.
[26] *Id.* at 315.
[27] Moreover, in *Holloway*, the government did not oppose the defendant's motion to vacate his convictions. 68 F. Supp. at 314-15. Here, the government has opposed Brown's motion to resentence.