UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | |
|---|---|
| UNITED STATES, : | |
| : | Case No. 1:00-cr-290 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 60] |
| KENNETH LEE BROWN, JR., : | |
| : | |
| Defendant. : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Kenneth Lee Brown, Jr., moves to reduce his sentence under section 404 of the First Step Act.[1] The Government opposes.[2]

Upon review, the Court will reduce Defendant's sentence from 262 months—the former mandatory minimum under the sentencing guidelines—to 240 months—the present mandatory minimum under the statute.

### I. Background

On July 5, 2000, the United States indicted Brown with two counts: (1) possession of ammunition by a convicted felon and (2) possession with intent to distribute more than fifty grams of crack cocaine.[3] On August 25, 2000, Defendant pleaded guilty to both counts.[4]

---

[1] Doc. 60.
[2] Doc. 66. Brown replies. Doc. 69.
[3] Doc. 8.
[4] Doc. 25.

In his plea agreement, Brown admitted that he "possessed . . . 365.9 grams of 'crack' cocaine with the intent to sell, deliver or distribute it to another person or persons."[5] Brown also admitted that he was a career offender for sentencing purposes.[6]

On November 9, 2000, the Court sentenced Brown.[7] At the time of the sentencing, Brown's drug offense carried a 20-year mandatory minimum imprisonment term.[8] As a career offender, Brown had a 37 base offense level that this Court reduced to 34 because of Brown's acceptance of responsibility. Brown's criminal history was category VI, which resulted in a 262-327 months Sentencing Guidelines range. The Court sentenced Brown to 262-months imprisonment and 10 years of supervised release.[9]

In 2010, Congress enacted the Fair Sentencing Act to reduce crack penalties.[10] Specifically, the Act raised the threshold crack quantities needed to trigger Controlled Substances Act enhanced penalties. Before 2010, a conviction that involved 50 grams or more of crack was punishable by imprisonment of at least 10 years and as much as life.[11] After the Fair Sentencing Act, the minimum drug quantity to trigger the ten-year mandatory minimum increased to 280 grams.

In 2018, Congress enacted section 404 of the First Step Act which made the Fair Sentencing Act's crack sentencing range modifications retroactive.[12]

---

[5] *Id.* at 8.
[6] *Id.* at 4-6
[7] Doc. 32.
[8] 21 U.S.C. § 841(b)(1)(A) (2000). Defendant's mandatory minimum was 20 years, rather than 10, because the Government had established that he had a prior conviction for a felony drug offense.
[9] Doc. 32; *see also* Doc. 25.
[10] *See Dorsey v. United States*, 567 U.S. 260, 268 (2012).
[11] *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009).
[12] Pub. L. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

Case No. 1:00-cr-290
Gwin, J.

On May 31, 2019, Brown moved *pro se* for relief under section 404 of the First Step Act.[13] The Government opposed;[14] Brown replied.[15]

On October 8, 2019, the Court first considered Brown's motion.[16] The Court concluded that Brown is eligible for a sentence reduction, but before deciding whether to resentence Brown, the Court required the Parties to submit further briefing on how the 18 U.S.C. § 3553 factors apply to Defendant.[17] The Parties complied.[18]

## II. Discussion

Review under the First Step Act is a two-step process.[19] Courts first determine eligibility for relief. If a defendant is eligible, courts then determine whether to exercise their discretion to reduce the defendant's sentence.

Having already found Defendant eligible for a sentence reduction in its previous order,[20] the Court must determine whether to exercise its discretion to reduce the Defendant's sentence consistent with statutory limits, non-binding guideline considerations, and the 18 U.S.C. § 3553 factors.[21]

---

[13] Doc. 60.
[14] Doc. 66.
[15] Doc. 69.
[16] Doc. 70.
[17] *Id.*
[18] Doc. 71; Doc. 72.
[19] *See United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. May 16, 2019).
[20] Doc. 70.
[21] The Government argues that the First Step Act does not authorize plenary resentencing. Doc. 72 at 3-8. The Court agrees; it said as much in its prior order. Doc. 70 at 4-5 (stating that the Court "may adjust Brown's sentence only as expressly authorized in section 404"). To the extent the Government implicitly argues that the § 3553(a) factors should not be considered, the Court disagrees. *See United States v. White*, No. CR 93-97 (BAH), 2019 WL 3719006, at *25 (D.D.C. Aug. 6, 2019) (recognizing that neither section 404 nor 18 U.S.C. § 3582(c)(1)(B) expressly references the § 3553(a) factors but considers them to further "Section 404's purpose of providing eligible defendants individualized judicial review of their sentences to account for the effect of FSA's sections 2 and 3"); *United States v. Crews*, 385 F. Supp. 3d 439, 445 (W.D. Pa. 2019) (concluding that "[a] court must . . . consider the factors set forth in 18 U.S.C. § 3553(a) when reducing a sentence" under section 404); *United States v. Mitchell*, No. CR 05-00110 (EGS), 2019 WL 2647571, at *7 (D.D.C. June 27, 2019) ("[C]onsideration of . . . the factors set forth in 18 U.S.C. § 3553(a) is appropriate under Section 404(b) . . . ."). *But see United States v. Martin*, No. 03-CR-795 (BMC), 2019 WL 2289850, at *4 (E.D.N.Y. May 29,

## A. Statutory Limits and the Non-Binding Guideline Considerations

Section 404 permits "a reduced sentence as if sections 2 and 3 of the [Fair Sentencing Act] were in effect at the time the covered offense was committed."[22] Accordingly, the Court starts by determining how Brown's sentence would be affected if the Fair Sentencing Act's section 2 had been "in effect at the time the covered offense was committed."[23]

In 2000, an individual with a prior felony drug-offense conviction found guilty of distributing 50 grams or more of crack in violation of 21 U.S.C. § 841(b)(1)(A) faced a 20-year mandatory minimum prison term.[24] Section 2 of the Fair Sentencing Act increased the § 841(b)(1)(A) mandatory minimum threshold quantity from 50 to 280 grams. In his plea, Brown admitted to possessing a crack quantity of 365.9 grams—above the threshold quantity for each iteration of the statute—so his statutory mandatory minimum sentence is the same: 20 years.

Brown's sentencing range under the current guidelines remains unchanged, as well. At the time of his sentencing, the Parties agreed that his career-offender classification raised his offense level to 37.[25] With a three-level reduction for acceptance of responsibility, the Court found a total offense level of 34.[26] In 2000, a total offense level of 34, combined with Defendant's criminal history level of VI, required the Court to give him a sentence of

---

2019) ("Although some district courts have considered the § 3553(a) sentencing factors in determining whether to grant relief under the [First Step Act], I disagree with their approach, because it is not called for by the text or purpose of the statute.").
[22] Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.
[23] *Id.*
[24] *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2000).
[25] Doc. 25.
[26] Doc. 32.

-4-

262-327 months. If sentenced today, Defendant's total offense level would still be 34,[27] and, given his criminal history, his sentencing range would still be 262-327 months.

However, since 2000, the Supreme Court has held that the sentencing guidelines are no longer mandatory.[28] Therefore, while the Court is bound to follow the statutory minimum sentence of 240 months, it need not follow the sentencing guidelines' minimum of 262 months.

In determining whether to reduce Defendant's sentence from the sentencing guidelines' minimum to the statutory minimum, the court will consider the § 3553 sentencing factors.

### B. The 18 U.S.C. § 3553 Factors[29]

In applying the § 3553(a) sentencing factors, the Court starts with pertinent sentencing policy statements. Judge Weinstein aptly described the statements as follows:

> We now have two well-considered statements of federal policy by Congress since the defendant was originally sentenced—the First Step Act and the Fair Sentencing Act of 2010 . . . . Both favor sending fewer people to prison, imposing shorter sentences for drug crimes, and reducing the sentencing disparity between crack and powder cocaine offenses. The court must consider this new governmental policy when deciding whether a reduction of defendant's sentence is warranted.[30]

---

[27] Given that a violation of § 841(b)(1)(A)(iii) still carries a maximum sentence of life imprisonment, Defendant's base offense level is still 37. After a three-level reduction, the total offense level is still 34.
[28] *United States v. Booker*, 543 U.S. 220, 245 (2005).
[29] Notably, the Government's brief largely fails to explain how the 18 U.S.C. § 3553 factors apply to Defendant. *See* Doc. 72. After describing the offense conduct, the Government argues only that reducing Brown's sentence to the mandatory minimum would create an "unwarranted disparit[y]" in sentencing between Brown and defendants sentenced after the Fair Sentencing Act who agreed not to request a sentence below the Guidelines range. *Id.* a 2-3. The Court is unmoved by this argument; the Court finds the disparity between power-cocaine sentences and crack-cocaine sentences to be more concerning.
[30] *United States v. Simons*, 375 F. Supp. 3d 379, 382 (E.D.N.Y. 2019) (Weinstein, J.); *cf.* 18 U.S.C. § 3553(a)(5)(A) (listing as a sentencing factor "any pertinent policy statement issued by the Sentencing Commission . . . subject to any amendments made to such policy statement by act of Congress").

Along with Congress's informed policy statements, the Court considers the nature of the offenses and the Defendant as he presents now through evidence of post-sentencing mitigation and/or aggravation.[31] Brown's conduct was serious. He admitted to unlawfully possessing two handguns and over 300 grams of crack with intent to distribute.[32] For these crimes, he has spent about 19 years in prison. During this time, he has matured and worked to rehabilitate himself, taking numerous educational courses and maintaining prison employment.[33]

As for deterrence, it is unlikely that 22 additional months of imprisonment are required to deter Defendant any more than will be accomplished in a 20-year sentence. Moreover, keeping Defendant incarcerated for an additional 22 months would run counter to Congress's intent, do little to protect the public, and likely make rehabilitation more difficult. Continuing to waste public funds warehousing Defendant would not place him in any better position than he is in now.

Considering all these factors together, the Court concludes that reducing Brown's sentence to the statutory mandatory minimum—240 months—is sufficient but not greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a).[34]

---

[31] *See United States v. Shelton*, No. CR 3:07-329 (CMC), 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019) (noting evidence of post-sentencing mitigation); *see also United States v. Martin*, 03-CR-795(ERK), 2019 WL 2571148, at *4 (E.D.N.Y. June 20, 2019) (citing lack of significant number of infractions, furtherance of education, and maintenance of family relationships as factors "weigh[ing] in favor of a sentence reduction."); *United States v. Rose*, 379 F. Supp. 3d 223, 235 (S.D.N.Y. 2019) (citing *Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that consideration of post-sentencing rehabilitation is "appropriate under § 404 of the First Step Act")).

[32] Doc. 25 at 7-8.

[33] Doc. 71 at 2-3.

[34] Although the court considers the factors in 18 U.S.C. § 3553(a) in reducing Brown's sentence, it declines to conduct a "plenary" or "de novo" resentencing in any broader sense. "Nearly every other court to address the issue has held that the First Step Act does not contemplate plenary resentencings." United States v. Martinez, No. 04-CR-48-20 (JSR), 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) (finding as such but considering § 3553(a) factors in determining whether defendant was eligible for sentence reduction under section 404 of the First Step Act); *see also* United States Sentencing Commission, Office of Education and

Case No. 1:00-cr-290
Gwin, J.

One final matter is Defendant's term of supervised release. Originally, the statute required a minimum ten-year term of supervised release on count two. Now, the Fair Sentencing Act requires a minimum term of supervised release of eight years.[35] The Court sees no reason why the Fair Sentencing Act would justify a reduction in the Defendant's term of imprisonment but not a reduction in his term of supervised release. Accordingly, the Court reduces Defendant's term of supervised release from ten to eight years.

### III. Conclusion

Brown's motion for sentence reduction under § 404 of the First Step Act[36] is **GRANTED**. Brown's term of imprisonment is reduced to the statutory mandatory minimum: 20 years. Brown's term of supervised release is reduced to eight years. All other terms and conditions of the previous judgment imposed on November 9, 2000[37] remain in effect. Amended judgment order to follow.

IT IS SO ORDERED.


Dated: November 20, 2019           *s/      James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

Sentencing Practice, *FIRST STEP Act,* https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEPAct.pdf (last visited June 20, 2019) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").
[35] *See* 21 U.S.C. § 841(b)(1)(B).
[36] Doc. 60.
[37] Doc. 32.